UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY McCLELLAN,<br><br>    Petitioner,<br><br>v.<br><br>E. VALENZUELA, Warden,<br><br>    Respondent. | No. 1:13-cv-01602-LJO-SKO  HC<br><br>**FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Gregory McClellan, a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, presents multiple grounds for relief from his convictions for failing to update his sex-offender registration and resisting arrest. The undersigned finds the claims to have little merit and recommends that the Court deny the petition.

**I.     Procedural and Factual Background** [1]

On April 28, 1987, Petitioner was convicted of burglary (Cal. Penal Code § 460(A)). On September 7, 1990, Petitioner was convicted of assault to commit rape (Cal. Penal Code §§ 220 and 261(a)). Petitioner served a separate prison term for each of these felony convictions. On

///

---

[1] Background information is drawn from the record as a whole and from the decision on the California Court of Appeal: *People v. McClellan* (5th App.Dist. Oct. 17, 2012) (No. F063262) (Lodged Doc. 3).

1

February 6, 2003, Petitioner was convicted of the crime of petty theft with a prior jail term for theft (Cal. Penal Code § 666), a felony, and again sentenced to prison.

As a requirement of his release on parole in July 2009,[2] Petitioner's location was electronically monitored using a GPS device. On August 5, 2009, the California Department of Corrections and Rehabilitation (CDCR) declared Petitioner to be a parolee at large when the monitor stopped broadcasting Petitioner's location. (Officers later discovered that Petitioner had removed and disabled the monitor.) On August 17, 2009, Parole Agent Michael Pitcher went to Petitioner's last known address, the Sunset Hotel at 1108 South Union Avenue in Bakersfield, and learned that Petitioner had checked out of his room (room 3) on July 11, 2009. On the same day, Parole Agent Lozano saw Petitioner in the 1100 block of Union Avenue. When Agent Lozano attempted to arrest Petitioner, Petitioner fled on foot. Following pursuit on foot, Lozano arrested Petitioner.

On February 19, 2010, a criminal complaint (BF131041A) filed against Petitioner in Kern County Superior Court alleged his (1) failure to update sex offender registration upon change of address (Cal. Penal Code § 290.13(a)); (2) failure to register as a sex offender (Cal. Penal Code § 290(b)); and (3) delaying, resisting, or obstructing a peace officer (Cal. Penal Code § 148(a)(1)), and sought sentencing enhancement based on Petitioner's prior record, specifically that (4) he suffered two prior felony convictions that subjected him to enhanced punishment under the Three Strikes Law (Cal. Penal Code §§ 667(b)-(i), 1170.12) and (5) had served three prior prison terms for felony convictions (Cal. Penal Code § 667.5(b)).[3] Petitioner was arraigned the same day. The Court's minute order noted:

> Defendant advised as to the perils, pitfalls, angers and disadvantages of self-representation.

---

[2] Petitioner had also been released earlier but was returned to prison following a violation of the parole terms.
[3] Petitioner consistently represents his convictions as arising from "moving violations" and "resisting arrest." Petitioner never acknowledges in the record his failure to register as a convicted sex offender.

2

> Defendant waived counsel and knowingly and intelligently elected to represent himself. Pro per status granted.
>
> Defendant informed of the charge(s) alleged.
>
> Copy of complaint provided to counsel. Defendant, through his counsel, waives reading of complaint and further advisal [*sic*] of constitutional rights. Defendant entered a plea of not guilty on all counts. Defendant denies allegations.

1 CT at 11-12.

Following his arraignment, Petitioner filed four motions: (1) a demurrer to the criminal complaint; (2) a motion to strike his prior conviction (Cal. Penal Code §§ 220 and 261); (3) a motion to strike an unspecified prior conviction for which Petitioner was sentenced on October 16, 1990; and (4) a motion for discovery. On March 4, 2010, the trial court granted the discovery motion and overruled the demurrer. The trial court negotiated a plea, which Petitioner rejected. The following day, March 5, 2010, the court conducted a preliminary hearing and found sufficient cause to proceed on the complaint.

On March 16, 2010, Petitioner appeared and represented himself at his arraignment, pleading not guilty on all counts.

On April 30, 2010, Petitioner rejected an offer of plea bargain. On May 5, 2010, Petitioner moved to reduce the pending charges to misdemeanors.

On April 26, 2011, Petitioner, proceeding *pro se*, pleaded no contest to the charges and executed an "Advisement of Rights, Waiver, and Plea Form for Felonies" (plea waiver form). The appellate court explained:

> The plea waiver form is a pre-printed form, consisting in large part of a series of statements, followed by a space in which the defendant can write his initials to indicate adoption of the statement. Appellant initialed, inter alia, the following statement on the plea waiver form: "I understand that I have the right to be represented by an attorney throughout the proceeding. I understand that I can hire my own attorney or the Court will appoint an attorney for me free of charge if [I] cannot afford to hire one." He also signed and dated the plea waiver form, immediately beneath the statement: "I declare under penalty of perjury that I have read, understood, and initialed each item above and everything on the form is true and correct."

*McClellan*, Lodged Doc. 3 at 3.

3

Following Petitioner's execution of the plea waiver form, the trial court conducted a hearing to accept Petitioner's pleas and admissions. The trial court asked Petitioner, "You understand that you do have a right to be represented by an attorney. You've previously given up that right and you want to stick with representing yourself. Is that correct?" *Id.* Petitioner responded, "Correct." *Id.*

On June 9, 2010, Petitioner filed a petition for writ of habeas corpus in Kern County Superior Court alleging that the trial court violated Petitioner's rights under the Speedy Trial Act (Cal. Penal Code § 1381). The superior court denied the petition on August 10, 2010.

On October 21, 2010, Petitioner filed a petition for writ of habeas corpus in Kern County Superior Court contending that his due process rights were violated when he was not timely served with a copy of the complaint. The superior court found the petition factually inaccurate and denied the petition on November 17, 2010.

On November 17, 2010, Petitioner filed a petition for writ of habeas corpus in Kern County Superior Court, alleging discovery violations by the California Department of Corrections and Rehabilitation (CDCR). On December 10, 2010, the superior court found that CDCR had complied with the subpoena for records of Petitioner's previous parole violations and denied the petition as moot.

On November 17, 2010, Petitioner also filed a petition for writ of habeas corpus in Kern County Superior Court, seeking an MRI for injuries allegedly incurred in a jail assault. On December 10, 2010, the superior court denied the petition as outside habeas jurisdiction and directed Petitioner to seek civil remedies.

On December 14, 2010, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal alleging that his due process rights were violated when the People did not timely serve him with a copy of the complaint against him. The Court of Appeal summarily denied the petition on March 17, 2011.

On January 25, 2011, Petitioner moved to withdraw his plea, contending he was not properly advised of his right to counsel. The trial court denied the motion and sentenced Petitioner to an aggregate prison term of eight years.

On June 15, 2011, the trial court appointed counsel for Petitioner at Petitioner's request. On August 23, 2011, Petitioner, represented by counsel, moved to withdraw his pleas, contending that the trial court did not adequately advise him of his right to counsel before accepting his plea. The court denied the motion, struck one of Petitioner's strikes, and sentenced him to eight years' imprisonment.

On October 3, 2011, Petitioner filed a petition for writ of error coram nobis in the Kern County Superior Court contending that his sentence was improperly enhanced by two prior unconstitutional convictions and that April 2011 guilty plea was not entered knowingly. On November 16, 2011, the superior court denied the petition, characterizing the claims as procedurally and substantively invalid.

Petitioner filed a direct appeal to the California Court of Appeal contending that because the trial court did not fully inform him (Cal. Penal Code §1018) of his right to counsel before accepting his no contest pleas, the trial court erred in denying Petitioner's motion to withdraw his pleas. The Court of Appeal affirmed. On November 26, 2012, Petitioner filed a petition for review in the California Supreme Court, which summarily denied review on January 3, 2013.

On February 22, 2012, Petitioner filed a petition for writ of habeas corpus in the Court of Appeal alleging that he had pleaded guilty to an illegal prior prison term. On Mach 22, 2012, the appellate court denied the petition without prejudice, stating that Petitioner had failed to establish that he suffered any present custodial restraints associated with the prior conviction.

On April 12, 2012, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal alleging that (1) he pleaded guilty to an illegal prior prison term and (2) the plea was not entered knowingly. On May 10, 2012, the appellate court denied the petition without prejudice, noting that Petitioner had not established that he continued to suffer custody restrictions related to the allegedly illegal prior term.

In a habeas petition filed in the Court of Appeal on June 20, 2012, Petitioner contended that (1) his 2003 conviction was illegally classified as a felony and (2) he would not have pleaded guilty had he known that the 2003 conviction was illegal. On August 24, 2012, the Court of Appeal summarily denied the petition.

5

On June 20, 2012, Petitioner filed a petition for habeas corpus in the Kern County Superior Court, alleging an equal protection claim and seeking one-half time credit for his out-of-court time. On July 26, 2012, the superior court denied the petition. On November 27, 2012, Petitioner repeated the claims in a habeas petition to the California Court of Appeal, which denied the petition on January 8, 2013.

Petitioner raised the credit issue again in a habeas petition filed with the Court of Appeal on August 21, 2012. On October 24, 2012, the court denied the petition without prejudice, finding that Petitioner failed to describe his prior conviction adequately to establish that it did not disqualify Petitioner from claiming the credits that he sought and to show that he had raised the issue of credits at his sentencing hearing.

On October 15, 2012, Petitioner filed a habeas petition in the California Supreme Court seeking to strike the two allegedly illegal prior convictions and alleging that Petitioner did not knowingly plead guilty. The Supreme Court summarily denied the petition on December 12, 2012.

On January 22, 2013, Petitioner filed a habeas petition in the California Supreme Court alleging nine claims: (1) ineffective assistance of appellate counsel; (2) cumulative error; (3) erroneous denial of motion to strike unconstitutional prior convictions;(4) due process violation (failure to provide complaint); (5) prejudicial denial of sentencing using factually accurate probation report; (6) speedy trial violation; (7) denial of one-half-time credits for out-to-court time; and (8) (a) denial of right to self-counsel and (b) ineffective assistance of trial counsel (time credits issue). The California Supreme Court summarily denied the petition on March 20, 2013.

On August 29, 2013, Petitioner filed the above-captioned petition for writ of habeas corpus in this Court.

**II.    Standard of Review**

A person in custody as a result of the judgment of a state court may secure relief through a petition for habeas corpus if the custody violates the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Williams v. Taylor*, 529 U.S. 362, 375 (2000). On April

6

24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed thereafter. *Lindh v. Murphy*, 521 U.S. 320, 322-23 (1997). Under the statutory terms, the petition in this case is governed by AEDPA's provisions because Petitioner filed it after April 24, 1996.

Habeas corpus is neither a substitute for a direct appeal nor a device for federal review of the merits of a guilty verdict rendered in state court. *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring). Habeas corpus relief is intended to address only "extreme malfunctions" in state criminal justice proceedings. *Id.* Under AEDPA, a petitioner can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003); *Williams*, 529 U.S. at 413.

"By its terms, § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions set forth in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

As a threshold matter, a federal court must first determine what constitutes "clearly established Federal law, as determined by the Supreme Court of the United States." *Lockyer*, 538 U.S. at 71. To do so, the Court must look to the holdings, as opposed to the dicta, of the Supreme Court's decisions at the time of the relevant state-court decision. *Id.* The court must then consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Id.* at 72. The state court need not have cited clearly established Supreme Court precedent; it is sufficient that neither the reasoning nor the result of the state court contradicts it. *Early v. Packer*, 537 U.S. 3, 8 (2002). The federal court

7

must apply the presumption that state courts know and follow the law. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). The petitioner has the burden of establishing that the decision of the state court is contrary to, or involved an unreasonable application of, United States Supreme Court precedent. *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996).

"A federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer*, 538 U.S. at 75-76. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, the AEDPA standard is difficult to satisfy since even a strong case for relief does not demonstrate that the state court's determination was unreasonable. *Richter*, 562 U.S. at 102.

**III.       Ground One: Illegal Enhancement Using Unconstitutional Prior Convictions**

As his first ground for relief, Petitioner alleges that his sentence was illegally enhanced by his 2003 conviction for petty theft (Cal. Penal Code § 666). Respondent contends that, pursuant to *Lackawanna Cty. Dist. Atty. v. Coss* (532 U.S. 394 (2001)), Petitioner may not challenge the sufficiency of a conviction for which he has fully served the sentence. Petitioner disagrees, contending that *Lackawanna* also provides that when a Petitioner is serving a sentence enhanced by an allegedly invalid prior conviction, Petitioner satisfies the in-custody provision of § 2254. 532 U.S. at 401.

Petitioner misreads *Lackawanna*. The Court articulated its holding as follows:

> For the second time this Term, we are faced with the question whether federal postconviction relief is available when a prisoner challenges a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which the petitioner is no longer in custody. In *Daniels v. United States*

> [532 U.S. 374 (2001)], we held that such relief is generally not available to a federal prisoner through a motion to vacate the sentence under 28 U.S.C. § 2255 (1994 ed., Supp. V), but left open the possibility that relief might be appropriate in rare circumstances. We now hold that relief is similarly unavailable to state prisoners through a petition for writ of habeas corpus under 28 U.S.C. § 2254 (1994 ed., Supp. V).

*Lackawanna*, 532 U.S. at 396-97.

In reaching its holding, the Supreme Court drew a subtle, but relevant, distinction: a prisoner may challenge the enhancement of his current sentence as based on a prior conviction, but the prisoner may not challenge the constitutionality of a prior conviction for which he is no longer in custody as a means of challenging the enhancement of his current sentence.

Petitioner maintains that he is not challenging the 2003 conviction but is challenging its use to enhance the sentence resulting from his 2011 guilty plea. He argues that he would not have pleaded guilty to his current conviction had he known that his 2003 conviction was an illegal sentence. *See* Doc. 2 at 2. Because no court previously found the 2003 conviction to have been illegal, however, the Court cannot consider Petitioner's argument concerning the enhancement of his 2011 sentence without first resolving the constitutionality of the 2003 sentence. The *Lackawanna* holding dictates that we cannot now consider the constitutionality of the 2003 conviction because Petitioner has already served the sentence associated it.

Petitioner may not now challenge the constitutionality of his 2003 prior conviction, for which he is no longer in custody, as a means of challenging the enhancement of his current sentence.

## IV.     Ground Two: Denial of Motion to Strike

As a second ground for relief, Petitioner contends that the trial court erroneously denied Petitioner's motion to strike the unconstitutional prior conviction to which Petitioner pleaded guilty but did not intelligently waive his rights. The petition refers to the attached memorandum of points and authorities, which includes a single paragraph:

> When Appellant pled guilty to the felony charge that made this case a felony he was not at all advised of the lifetime registration consequences. Under the totality of the circumstances the plea was not voluntary and intelligent. See cf. People v. Howard (1992) 1 Cal. 4th 1132, 1175; People v. Zaidi (2007) 55 Cal.Rptr. 2d 566.

9

> This court granted relief, however, the California Supreme Court reversed the relief in a 5-2 decision. See People v. McClellan (1992) 10 Cal. Rptr. 2d 10 and People v. McClellan (1993) 24 Cal.Rptr. 2d 739. The United States District Court, in and for the Eastern District of California also denied relief. On April 19th, 2010, the Kern County Superior Court also denied relief despite federal constitutional standards set forth in Howard and Zaidi above.

Doc. 2 at 3.

Respondent characterizes this claim as "unclear" and concludes that Petitioner was apparently claiming "that the trial court somehow erred by not advising him that the prior 2003 conviction under California Penal Code § 666 was not a felony and that, therefore, he should have been allowed to withdraw his guilty plea on these grounds. (Pet., Claim 2.)" Doc. 19 at 13. In his reply (traverse), Petitioner simply repeats the paragraph from the petition that is quoted above, only changing the appellation "Appellant" to "Petitioner." Doc. 22 at. 6.

Having reviewed the record as whole, the undersigned cannot agree with Respondent's interpretation of Petitioner's claim. Disclosure concerning the 2003 conviction was not the subject of a motion to strike. At trial, Petitioner moved to strike his 1990 conviction of assault to commit rape (Cal. Penal Code §§ 220 and 261(a)), which he argued made his current offense a felony. CT 19. On April 19, 2010, the trial court denied the motion to strike the prior conviction. CT 138-139.

Petitioner appears to be rearguing the California Supreme Court's conclusion that the trial court's failure to advise Petitioner that his 1990 guilty plea to the charge of assault to commit rape (Cal. Penal Code §§ 220 and 261(a)) was harmless error. *People v. McClellan*, 6 Cal. 4th 367, 24 Cal.Rptr. 2d 739 (1993). As noted above, Petitioner acknowledges that this Court denied relief on this claim when it previously addressed the 1990 conviction.[4] Thus, like ground one, Petitioner seeks to have the Court declare unconstitutional a prior conviction for which he had already served his time, but this ground also appears to seek reversal of the Court's prior rejection of its order in a prior case. Petitioner articulates no jurisdictional basis by which this Court could reach back to reverse a more-than-twenty-year-old order in a prior case for which Petitioner has

---

[4] Petitioner did not provide the Court with a citation or a copy of the judgment to which he refers.

10

long since served his sentence.

In any event, because ground two is vague, and its meaning is disputed, the Court need not belabor the question of possible jurisdiction. Allegations in a petition that are vague, conclusory, patently frivolous or false, or palpably incredible are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). The Court should dismiss this claim for vagueness.

**V.      Ground Three: Due Process (Failure to Provide Complaint)**

As the fourth ground for relief, Petitioner contends that his due process rights were violated when he was not given a copy of the felony complaint (BF131041A) at his February 19, 2010, arraignment and only received a copy of the complaint on March 4, 2010, one day before the preliminary hearing. After Petitioner raised this claim in his October 21, 2010, habeas petition, the Kern County Superior Court denied it as factually inaccurate, citing the California Department of Justice Information System records. See Lodged Doc. 8. Petitioner provides no basis from which this Court could conclude that the state court made an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 2254(d). The Court should deny this claim.

**VI.     Ground Four: Due Process (Inaccurate Probation Report)**

As the fourth ground for habeas relief, Petitioner contends that his due process rights were violated when a factually inaccurate probation report was admitted over his objections. Neither the petition, nor the memorandum of points and authorities, specifies the nature of the inaccuracy. As such, the Court could reasonably dismiss this claim as vague or conclusory. *Hendricks*, 908 F.2d at 491. Because the state court found Petitioner's claim of an inaccurate probation report to have been barred by procedural default, however, the Court should decline to address this issue.

A review of the record as a whole reveals that alleged inaccuracies in the probation report were addressed in the November 27, 2012, habeas petition filed in the California Court of Appeal, in which Petitioner alleged that the probation report inaccurately reported the custody credits to which Petitioner was entitled. Lodged Doc. 13. The Superior Court had previously denied the claim:

//

> Petitioner received all the custody days' credits he is entitled to because the credits were measured from his arrest on August 17, 2009. P.C. Section 2933.1(c) precludes the awarding of no more than 15% credits where a defendant has a conviction of a serious or violent felon[y] listed in P.C. Section 667.5(c). Petitioner admitted a prior conviction of assault with intent to commit rape in 1991 which is a serious or violent felony enumerated in P.C. Section 667.5(c)(15). Petitioner was also convicted of indecent exposure in 2002. Petitioner is thus precluded from half-time credits as provided in P.C. Section 4019. The sentence along with the credit calculation is correct.

Lodged Doc. 13, Ex. A.

On October 24, 2012, the Court of Appeal denied the petition without prejudice, stating:

> Petitioner has failed to describe his prior conviction and provide a record to show that it did not disqualify him from the credits he now seeks pursuant to *People v. Buchalter* (2001) 26 Cal. 4th 20, 29-33. Petitioner has failed to show that he raised the issue of credits at his sentencing hearing by providing citations to the record on appeal in F063262. (*People v. Mendez* (1999) 19 Cal. 4th 1084, 1100-1101.) Petitioner has failed to excuse his failure to raise this issue in his appeal.

Lodged Doc. 13, Ex. B.

On January 8, 2013, the Court of Appeal denied the petition, taking judicial notice of the probation report, the sentencing transcript, and Petitioner's pleadings. It stated, "Petitioner has failed to show that he raised any objection during the sentencing hearing on the issues of custody credits or to the amount of credits which were recalculated during the hearing off the record." Lodged Doc. 13, Ex. B.

A district court cannot hear a federal petition for writ of habeas corpus unless the highest state court has a full and fair opportunity to hear a claim. 28 U.S.C. § 2254(a). When a state prisoner has defaulted on his federal claim in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). An adequate rule is one that is "firmly established and regularly followed." *Id.* (quoting *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)); *Bennett v. Mueller*, 322 F.3d 573, 583 (9th Cir. 2003) (*en banc*). An independent

rule is one that is not "interwoven with federal law." *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000) (quoting *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983)). Because Petitioner did not establish grounds for this Court to hear the petition despite the state court's determination, the Court should deny this claim.

**VII.    Ground Five: Violation of California Speedy Trial Statute**

As his fifth ground for federal habeas relief, Petitioner contends that by violating California Penal Code § 1381, the trial court violated his Sixth Amendment right to a speedy trial. Respondent counters that violations of the California speedy trial statutes are matters of state law and do not raise a federal constitutional question.

In a habeas petition filed in Kern County Superior Court on June 9, 2010, Petitioner alleged that the trial court erred in denying relief under California Penal Code § 1381. *See* Lodged Doc. 7. On August 10, 1010, the superior court denied the petition, finding that the prosecution did not concede a speedy trial error as Petitioner had alleged and that even if delay had occurred, Petitioner had not demonstrated prejudice.

Petitioner did not raise a Sixth Amendment claim in state court. Because Petitioner did not specifically informed the state court that he was raising a federal constitutional claim, the Court may not address it. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999); *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir. 1998).

The right to a speedy trial is secured by the Sixth Amendment to the U. S. Constitution. *Klopfer v. North Carolina*, 386 U.S. 213, 223 (1967). Although state laws and constitutions may also provide speedy trial guarantees, state courts, not federal courts, must construe and apply those state provisions. *Favors v. Eyman*, 466 F.2d 1325, 1327 (9th Cir. 1972). That a delay in trial may have violated California's statutory speedy trial provisions is irrelevant in determining whether a defendant's federal constitutional right to a speedy trial was violated. *King v. White*, 839 F.Supp. 718, 723 (C.D.Cal. 1993). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (*citations omitted*). "A federal court may not issue a writ [of habeas corpus] on the basis of a perceived error of state law." *Pulley v. Harris*,

13

465 U.S. 37, 41 (1984). AS such, the Court may not reach Petitioner's claims that the prosecutor violated the state speedy trial statute.

### VIII. Ground Six: Right to Counsel

As his sixth ground for relief, Petitioner alleges that the trial court's failure to advise Petitioner of his right to counsel was "of a constitutional magnitude." Doc. 1 at 9.

Petitioner raised this claim in his direct appeal. Acknowledging that California law required a trial court to advise a criminal defendant both that he has a right to counsel and that counsel will be appointed for him if he cannot afford counsel, the Court of Appeal rejected Petitioner's claim that the trial court never advised Petitioner that it would appoint counsel to represent him at government expense if he could not afford an attorney. The court relied on evidence of substantial compliance with the law consisting of (1) Petitioner's acknowledging his right to counsel on the plea waiver form and (2) the court's on-the-record advisement of his right to counsel at the plea hearing. "[L]iteral adherence to the advisement requirement of section 1018 at issue here is not required where, as here, the record shows that the purpose of that requirement is satisfied." *People v. McClellan* (Cal. App. Oct. 17, 2012) (No. F063262) (Lodged Doc. 3). Distinguishing the cases on which Petitioner relied, the court affirmed the judgment of conviction, finding that there was "no reasonable probability that [Petitioner] was unaware of the full scope of the right to counsel." *Id.* The California Supreme Court summarily denied the petition for review of the decision.

In his direct appeal and petition for review, Petitioner characterized the trial court's failure to advise him of his right to counsel as a violation of California law (Cal. Penal Code § 1018). Because Petitioner first asserted a federal constitutional claim in in his federal petition, this Court should recognize the sixth ground for relief as a state claim and decline to consider it. *McGuire*, 502 U.S. at 67 (1991); *Pulley*, 465 U.S. at 41.

Even if the Court were to reach this issue, no clearly established federal law supports Petitioner's claim that the asserted violation of California law was tantamount to a federal constitutional violation. *See Richter*, 562 U.S. at 101-02. The state court reasonably concluded that, in view of the trial court's multiple warnings to Petitioner of his right to counsel and

Petitioner's own written acknowledgement in the plea waiver statement of his right to counsel at government expense, any violation of state law was harmless.

### IX. Ground Seven: Denial of Credits for Out-to-Court Time

In his seventh ground for relief, Petitioner contends that his statutory conduct credits were improperly calculated during the time he was transferred from Avenal State Prison to the Kern County Jail pending trial and sentencing.

Under established federal law, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the state may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution."  *Meachum v. Fano*, 427 U.S. 215, 224 (1976). The Constitution "itself does not guarantee good time credit for satisfactory behavior while in prison." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).

In the absence of established federal law creating a right to shorten one's sentence by accumulating good time or custody credits, the calculation of the credits to which Petitioner was entitled during the period in which he was in county custody is a question of state law and is not a cognizable federal habeas claim. *See Estelle*, 502 U.S. at 71-72. The Court lacks jurisdiction to consider Petitioner's claim that the state erred in calculating his custody credits.

### X. Ground Eight: Ineffective Assistance of Appellate Counsel

As his eighth ground for habeas relief, Petitioner alleges ineffective assistance of appellate counsel, contending that counsel failed to pursue Petitioner's following suggested claims of error: (1) Petitioner would not have pleaded guilty had he known that his prior conviction for petty theft was unconstitutional, and (2) Petitioner would not have pleaded guilty to the prior illegal prison terms had he known that they were illegal.

#### A. Standard of Review

The purpose of the Sixth Amendment right to counsel is to ensure that the defendant receives a fair trial. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "[T]he right to counsel

is the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his trial counsel's performance "fell below an objective standard of reasonableness" at the time of trial and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. The *Strickland* test requires Petitioner to establish two elements: (1) his attorney's representation was deficient and (2) prejudice. Claims of ineffective assistance of appellate counsel are also evaluated using the *Strickland* analysis. *Smith v. Robbins*, 528 U.S. 259, 285 (2000).

The *Strickland* elements need not be considered in order. *Id.* at 697. "The object of an ineffectiveness claim is not to grade counsel's performance." *Id.* If a court can resolve an ineffectiveness claim by finding a lack of prejudice, it need not consider whether counsel's performance was deficient. *Id.*

The scope of federal habeas review of a claim of ineffective assistance of counsel is narrow. *Dows v. Wood*, 211 F.3d 480, 484 (9th Cir. 2000). A habeas petitioner has the burden of proving that the state court applied the *Strickland* standard in an objectively unreasonable manner. *Bell v. Cone*, 535 U.S. 685, 699 (2002).

To prove that an attorney's performance was deficient, a petitioner must establish that counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. This requires the petitioner to identify the acts or omissions that he alleges were not the result of reasonable professional judgment. *Id.* at 690. In a federal habeas action, the court must then determine whether considering the facts and circumstances as a whole, the identified acts or omissions were outside the range of competent and professional legal assistance. *Id.* "We strongly presume that counsel's conduct was within the wide range of professional assistance, and that he exercised acceptable professional judgment in all significant decisions made." *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990).

1     The standard for reviewing counsel's performance is "highly deferential." *Strickland*, 466
U.S. at 689. "[E]very effort [must] be made to eliminate the distorting effects of hindsight, to
reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from
counsel's perspective at the time." *Id.* The petitioner must overcome the presumption that the
challenged behavior constituted "sound trial strategy." *Michel v. Louisiana*, 350 U.S. 91, 101
(1955). "The object of an ineffectiveness claim is not to grade counsel's performance."
*Strickland*, 466 U.S. at 697.

**B.    Attorney's Failure to Pursue Claims Suggested by Petitioner**

A indigent defendant's right to appellate representation does not include a right to present frivolous arguments to the court. *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 436 (1988). Indeed, an attorney is "under an ethical obligation to refuse to prosecute a frivolous appeal." *Id.* Further, no U.S. Supreme Court decision suggests "that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

"[I]n holding that a State must provide counsel for an indigent appellant on his first appeal as of right," the Supreme Court "recognized the superior ability of trained counsel in the 'examination into the record, the research of the law, and marshalling of arguments on [the appellant's] behalf.'" *Id.* at 751 (quoting *Douglas v. California*, 372 U.S. 353, 358 (1963)). To "impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy that underlies" the requirement that "an appointed attorney must advocate his client's cause vigorously and may not withdraw from a nonfrivolous appeal." *Jones*, 463 U.S. at 749, 754 (quoting *Anders v. California*, 386 U.S. 738 (1967)).

A hallmark of effective appellate advocacy is counsel's ability to omit weaker issues on appeal. *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989). "There can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review." *Jones*, 463 U.S. at 752. Appellate counsel cannot be

17

found ineffective for failing to raise an argument that would not have been successful. *Morrison v. Estelle*, 981 F.2d 425, 429 (9th Cir. 1992).

Nor is appellate counsel required to advance a claim that would detract from the effectiveness of stronger claims. In *Smith*, 528 U.S. at 288, the Supreme Court endorsed the analysis suggested by the 7th Circuit in *Gray v. Greer*:

> When a claim of ineffective assistance of counsel is based on failure to raise viable issues, the district court must examine the trial court record to determine whether appellate counsel failed to present significant and obvious issues in appeal. Significant issues which could have been raised should then be compared to those which were raised. Generally, only when ignored issues are clearly stronger that those presented, will the presumption of effective assistance of counsel be overcome.

800 F.2d 644, 646 (7th Cir. 1986).

In determining whether an attorney's appellate assistance was ineffective, a court must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Strickland*, 466 U.S. at 689).

In this case, Petitioner cannot prevail on either of the two grounds that Petitioner contends that appellate counsel should have advanced. This means that counsel's failure to raise these grounds cannot be said to have prejudiced Petitioner. The state courts reasonably denied Petitioner's claim of ineffective assistance of counsel.

## XI. Claim Nine: Cumulative Error

In his ninth claim, Petitioner contends that the Court should grant him habeas relief based on cumulative error. Because no error is apparent in any of Petitioner's grounds for relief, no basis exists for a finding of cumulative error.

## XII. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Accordingly, the Court should decline to issue a certificate of appealability.

19

### XIII. Conclusion and Recommendation

The undersigned recommends that the Court dismiss the petition for writ of habeas corpus with prejudice and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections.  The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 19, 2016**          /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE